Sabina Rivera, Petitioner, *v.* District Court of Caguas, J. Villares Rodríguez, Judge. Respondent.

No. 1738. Argued April 6, 1948.—Decided April 27, 1948.

---

*E. Martínez Rivera & Luis Blanco Lugo* for petitioner. *R. Arjona Siaca* and *A. Figueroa Rivera,* for respondent.

Mr. Justice De Jesús delivered the opinion of the Court.

The question for decision is whether in an *ex parte* proceeding a co-owner may seek the partition of property owned in common. The lower court flatly denied such a petition without prejudice that petitioner might resort to the ordinary proceeding.

The petition filed in the lower court substantially alleges that the petitioner owns an undivided one-half interest in an urban property described therein; that the other one-half belongs to Juana Valdés; that petitioner does not wish to remain as such co-owner and since the property is indivisible, she has offered to sell her share to the other co-owner or to buy hers, but the latter refused. Petitioner prays that Juana Valdés be summoned and that the marshal be ordered to sell said property at public auction and that the proceeds thereof be deposited in the office of the secretary of the court to be distributed among the co-owners accordingly.

Petitioner's attorneys concede that they know of no case where the partition of property owned in common has been ordered in an *ex parte* proceeding, nor can they cite any authority in support of the course they have taken. Notwithstanding this, they insist that the proceeding chosen by them is adequate and to that effect they argue that it cannot be presumed that when Juana Valdés be notified of petitioner's request she will object to the public sale. They ground this belief on the fact that since she is not interested in buying petitioner's share nor in selling her own, it should be presumed that what she wants is a public sale of the property. They further argue that to require petitioner to file an adverse proceeding, would amount to assuming that the facts

alleged in her petition for partition of the property owned in common are not true and that there is an issue of fact and of law between her and Juana Valdés, subject to adjudication and that the record does not disclose any basis for such presumption.

■■ Indeed we do not see why we should presume that Juana Valdés is not going to oppose the petition. Although the petitioner alleges that Juana Valdés refuses to buy her share or to sell her own to the petitioner it is but a mere averment which petitioner must prove before we can take it as true. Traditionally there has existed in Puerto Rico and still exists a distinction between matter of *ex parte* jurisdiction and those of adversary jurisdiction. Pursuant to § 1811 of the Law of Civil Procedure,[1] which is still in force because it is not in conflict with the Code of Civil Procedure, which became effective in 1904,[2] nor with the Rules of Civil Procedure, all proceedings in which the intervention of the judge is requested or is necessary, without there being actual litigation, or in which no issue is raised between known and definite parties, shall be considered as acts of *ex parte* jurisdiction. *Ex parte Nadal*, 5 P.R.R. 106 (1904) (2nd ed. 1913).

A typical example of acts of *ex parte* jurisdiction is a petition for the alienation of property of minors or for the declaration of heirship. In such cases no issue is raised between known and definite parties. Only the petitioners are interested in the relief sought. The proceeding may, of course, become adversary if a party opposes or seeks an interest adverse to petitioner's.

■ Contrary to petitioner's contention, the issue raised in the instant case is between known and definite persons. On one side we have petitioner who alleges that she is owner

---

[1] We are referring to the Law of Civil Procedure which became effective in Puerto Rico on April 1, 1881.

[2] Section 361 of the Code of Civil Procedure provides:

"All laws, royal decrees, orders and military orders, acts, or parts of acts, inconsistent or in conflict with this Code, are hereby repealed."

of an undivided one-half interest of the property; on the other side there is Juana Valdés who, according to petitioner herself, is owner of the other one-half. The latter alleges that Juana Valdés refuses to buy petitioner's share or to sell her share, and lastly she prays that the whole property ·be sold to the highest bidder at public auction. This being so, it seems ·clear that the proceeding for the partition of the common property in the present case, where the relief is not sought by all the co-owners, is not an act of *ex parte* jurisdiction.[3]

With the same right that petitioner now seeks to do it, anyone who believes himself entitled to recover a debt could resort to *ex parte* jurisdiction, thereby disregarding the ordinary proceeding provided by law. The adjective law, or more specifically, the Code of Civil Procedure and the Rules of Civil Procedure, when applicable, have the force of law and those who resort to the courts to seek a relief are bound to follow them while they are in force. The Rules of Civil Procedure require that the recovery of a right in adversary suits be established by means of a complaint and that defendant be brought within the jurisdiction of the court by a summons issued by the clerk of the court whereby he is not only notified of the complaint, but also informed as to the term that the law—not the court—grants him to appear to defend his rights. Not until this proceeding is changed by the proper authority, petitioner as well as any other person is bound by it. The petition for certiorari is denied and the case remanded to the lower court.

---

[3] If all the co-owners agree to apply for the sale of the thing in public auction, on the ground that it is indivisible or because they do not agree as to its partition, we harbor no doubt that in such case resort could be had to *ex parte* jurisdiction.